IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BOLIN SERVICES, INCORPORATED )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>RANDALL L. CAPELLE d/b/a RANDY'S )<br>TOWING AND HAULING, )<br>)<br>Defendant. ) | CASE NO.<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff Bolin Services, Incorporated. ("Bolin") hereby submits its Complaint for monetary damages and injunctive relief against Defendant Randall L. Capelle d/b/a Randy's Towing and Hauling ("Randy's"), and for its causes of action states as follows:

## INTRODUCTION

1.  This action involves the willful infringement of trademarks, as well as unfair competition and other related wrongful conduct.  Bolin owns the registered trademark depicted on the left below (the "Mark") in connection with towing, recovery and equipment hauling services.  Randy's has been willfully infringing the Mark with the near identical mark for identical services on the right below (the "Infringing Mark").

 

## PARTIES

2.  Plaintiff Bolin is a Missouri corporation with its principal place of business in

1

Missouri. Bolin provides towing, recovery, and equipment hauling services in, among other places, Missouri, Illinois, Iowa, Indiana, Arkansas and Kentucky, including in this judicial district.

3.  Defendant Randall L. Capelle is an Illinois citizen who does business as a sole proprietorship known as Randy's Towing and Hauling, with his principal place of business in Illinois. Randy's regularly provides towing, recovery and equipment hauling services in the judicial district using the Infringing Mark.

## JURISDICTION AND VENUE

4.  Bolin asserts claims for trademark infringement and unfair competition under Sections 32 and 43(a) of the Lanham Act. This Court, therefore, has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1336. This Court has subject matter jurisdiction over the related Missouri common law and statutory claims raised in this action pursuant to 28 U.S.C. §§ 1367 and 1338(b).

5.  This Court has personal jurisdiction over Defendant because Mr. Capelle regularly conducts business in this district. Defendant also promotes and offers for sale services in this district with the Infringing Mark. Further, Defendant's acts constitute the commission of a tort within the State of Missouri that impact or affect residents of the State of Missouri.

6.  Venue is proper in this District under 28 U.S.C. § 1391 because a substantial part of the events giving rise to these claims occurred and continues to occur in this district.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

7.  By way of history, in 1954, Bob Bolin, the founder of Bolin, opened his first Shell Service Station in St. Louis, Missouri. He opened a second Shell Station, also in St. Louis, Missouri, in 1959. In 1964, Bob Bolin sold one of his Shell stations to open Bob

Bolin Automotive Service, a company concentrating on automotive repair, towing and recovery.  By 1969, Bob Bolin Automotive discontinued all gas sale services and concentrated solely on towing and recovery services.  In the 1970's, Bob Bolin Automotive continued to grow its towing and recovery business by adding tractor-trailers and tandem axle flatbed units for equipment hauling.

8. In conjunction with its expansion of services, in 1979, the company adopted a trademark and logo that included the name "Bob Bolin", a tow line, and a "B" all incorporated within a box.  In 1995, Bob Bolin Services registered its trademark and logo with the State of Missouri.

9. In 1997, Road One, a nationwide company, purchased Bob Bolin Services. Road One continued to operate Bob Bolin Services, which was managed by Mike and Greg Bolin, Bob Bolin's sons, and it continued to use the same trademark.  In 2002, Mike and Greg Bolin reacquired the assets of Bob Bolin Services from Road One and renamed the company, Bolin Services.

10. In conjunction with the renaming of the company, in 2003, Bolin slightly modified trademark and logo as follows:



11. The above Mark is almost identical to Bolin's previous mark with the main difference being the removal of the word "Bob."  The graphic remains the same.

12. The Mark has been in use by Bolin since 2003.  In 2010, Bolin registered the Mark with the federal government with the first use date of 2003.

13. While Bolin has used the Mark since 2003; the towing crane/B logo

3

continuously has been used by Bolin and its predecessors since at least 1979 in connection with towing, recovery and equipment hauling services.

14. All filings necessary to make USPTO Trademark Reg. No. 3,777,352 incontestable pursuant to Sections 15 and 33(b) of the Lanham Act, 15 U.S.C. §§ 1065, 1115(b) have been made.

15. Bolin, and its predecessors in interest have expended substantial effort and money over the years to promote the Mark. By reason of the high quality standards relating to services associated with the Mark, the Mark has become well and favorably known in the trade and to customers, including customers in Missouri.

16. Defendant first infringed on the Mark in 1997. After discussions with Bolin, Defendant agreed to halt using the Infringing Mark.

17. Contrary to Randy's representations more than ten years ago, Randy's is once again using the same confusingly similar Infringing Mark as before.

18. Defendant is again infringing the Mark by using the Infringing Mark on employee apparel:



4

19. Defendant also is infringing the Mark by using the Infringing Mark on company vehicles:







20. Defendant is not connected or affiliated with, or authorized by Bolin in any way. Defendant's Infringing Mark is likely to cause confusion and to deceive customers and the public into believing that the companies or their services are the same or are related in some manner, such as by ownership or license.

21. Defendant's infringement of the Mark unless enjoined by this Court, will cause a likelihood of confusion and deception of customers, as well as members of the public who see the Mark on Defendant's company tow and pickup trucks and employee apparel. As a result, Bolin will suffer irreparable injury to and dissipation of its reputation and goodwill for which Bolin has no adequate remedy at law.

22. Upon information and belief, Defendant's use of the Infringing Mark is likely to cause actual confusion between the Defendant on one hand and Bolin and its Mark on the other hand.

**COUNT I**
**Trademark Infringement Under Section 32 of the Lanham Act,**
**15 U.S.C. § 1114—Infringement of Registered Mark**

23. Bolin incorporates by reference the allegations set forth in paragraphs 1 through 22 as if fully set forth herein.

24. By engaging in the acts described above, Defendant has used the Infringing Mark in connection with Defendant's services in interstate commerce. The Infringing Mark is confusingly similar, if not virtually identical, to Bolin's incontestable Mark.

25. Defendant's unauthorized use of the Infringing Mark is likely to cause confusion among customers as to the source of Defendant's services, and cause the mistaken belief that Defendant's services and/or commercial activities are affiliated with or sponsored or approved by Bolin, or that Defendant and Bolin are related in some manner.

26. Defendant's actions are likely to cause confusion, to cause mistake and to deceive customers, prospective customers and the public.

27. In light of, among other things, Bolin's express warnings and Defendant's repeated violations, Defendant's actions demonstrate an intentional, willful and malicious intent to trade upon the goodwill associated with Bolin's incontestable trademark, to injure Bolin's business, to trade on its business reputation, to palm off or pass off Defendant's services as coming from Bolin, and/or to confuse and deceive customers.

28. Defendant's actions constitute trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114. Defendant's use of the Infringing Mark, therefore, infringes Bolin's trademark rights in the Mark in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114(1), resulting in damages to Bolin.

29. Bolin is being and will continue to be damaged by Defendant's infringement, which causes a likelihood of confusion and actual confusion among the purchasing public as to the true identity, source, sponsorship or affiliation of Defendant's Infringing Mark.

30. Defendant's acts are irreparably damaging Bolin and will continue to damage Bolin unless enjoined by this Court.

31. Defendant has been, and is likely to continue to be, unjustly enriched by their infringing conduct.

32. Because of Defendant's infringement, Bolin will suffer damage to its business reputation and goodwill, and the loss of sales and profits it would have made but for the improper acts of Defendant

33. Because of Defendant's wrongful and repeated conduct, this is an "exceptional case" under the Lanham Act. 15 U.S.C. § 1117(a).

34. Bolin is entitled to temporary, preliminary and permanent injunctive relief, an accounting of Defendant's ill-gotten profits, Bolin's damages, costs and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1114, 1116 and 1117, enhancement of Bolin's profits award and trebling of its damages as authorized by 15 U.S.C. § 1117.

## COUNT II
### False Designation of Origin, False Description, and Unfair Competition Under Section 43(a) Of The Lanham Act, 15 U.S.C. § 1125(a)

35. Bolin incorporates by reference the allegations set forth in paragraphs 1 through 34 as if fully set forth herein.

36. Bolin's Mark is inherently distinctive, has been used continuously in several States and is well known to the trade and members of the purchasing public. The purchasing public associates and identifies Bolin's Mark with Bolin.

37. Defendant's use of the Infringing Mark is likely to cause confusion among customers as to the source of Defendant's products and/or services, and cause the mistaken belief that Defendant's business, services and/or commercial activities are affiliated with or sponsored or approved by Bolin, or that Bolin's and Defendant's services originate from the same source.

38. Defendant's adoption and use of Infringing Mark, without Bolin's consent, constitutes false designation of origin or sponsorship, and/or leads customers to believe that that said services and/or Defendant have been sponsored, approved, or licensed by Bolin, or are is in some way affiliated or connected with Bolin.

39. Such conduct of Defendant is likely to confuse, mislead and deceive customers, purchasers, and members of the public as to the origin of Defendant's business, or cause such persons to mistakenly believe that such services and/or Defendant has been sponsored, approved, authorized or licensed by Bolin, or is in some way affiliated or connected with Bolin.

40. In light of, among other things, Bolin's express warnings and Defendant's repeated violations, Defendant's wrongful use of the Infringing Mark is a deliberate, intentional and willful attempt to injure Bolin's business, to trade on Bolin's business reputation, to palm off or pass off Defendant's services as coming from Bolin, and/or to confuse and deceive customers

41. Defendant's conduct has been willful, and done with full knowledge of the falsity of such designations of origin and false description or representations, and with the express intent to cause confusion and mislead and deceive the purchasing public. Defendant intended and intends to trade upon the reputation of Bolin and the goodwill associated with Bolin's Mark.

42. Defendant's use of the Infringing Mark infringes Bolin's trademark rights in its Mark in violation of section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), resulting in damages to Bolin.

43. Defendant's unauthorized use of Defendant's Infringing Mark is actually or potentially irreparably damaging to Bolin in the form of (a) loss in income; (b) lessening and dilution of the Bolin's Mark; (c) interference with Bolin's rights; (d) confusion in the marketplace as to the duly authorized source of services bearing Bolin's Mark; and (e) impairment of the goodwill Bolin has in its mark.

44. If not enjoined, Defendant's actions will continue to cause irreparable damage to the rights of Bolin in and to its Mark, and to the business, reputation, and goodwill of Bolin.

45. Bolin has no adequate remedy at law for certain of its injuries. Bolin's damages are not yet fully determined.

46. Bolin is entitled to temporary, preliminary and permanent injunctive relief, an accounting of Defendant's ill-gotten profits, Bolin's damages, costs and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1125, 1116 and 1117, enhancement of Bolin's profits award and trebling of its damages as authorized by 15 U.S.C. § 1117.

47. Because of Defendant's wrongful and repeated conduct, this is an "exceptional case" under the Lanham Act.

## COUNT III
## State Common Law Trademark Infringement and Unfair Competition

48. Bolin incorporates by reference the allegations set forth in paragraphs 1 through 34 as if fully set forth herein.

49. Defendant's acts constitute common law trademark infringement and unfair competition in violation of the common law of several states including the State of Missouri,

and have created and, unless restrained by this Court, will continue to create a likelihood of confusion, causing irreparable injury to Bolin and for which Bolin has no adequate remedy at law

50. Defendant acted with full knowledge of Bolin's use of, and statutory and common law right to, Bolin's Mark and without regard to the likelihood of confusion of the public created by those activities.

51. Defendant's use of the Infringing Mark is likely to cause confusion among customers as to the source of Defendant's services and cause the mistaken belief that Bolin's and Defendant's businesses are affiliated.

52. Defendant's wrongful use of the Infringing Mark is a deliberate, intentional and willful attempt to injure Bolin's business, to trade on its business reputation, to palm off or pass off Defendant's services as coming from Bolin, and/or to confuse and deceive customers. Defendant has been and is likely to continue to be unjustly enriched by its infringing conduct.

53. In light of, among other things, Bolin's express warnings and Defendant's repeated violations, Defendant's actions demonstrate an intentional, willful and malicious intent to trade on the goodwill associated with Bolin's Mark to the great and irreparable injury of Bolin and will continue to damage Bolin unless enjoined by this Court.

54. Defendant's use of the Infringing Mark, therefore, infringes Bolin's common law trademark rights in its Mark, resulting in damages to Bolin.

55. As a result of Defendant's acts, Bolin has been damaged in an amount to be determined.

**COUNT IV**
**Violation of Mo. Rev. Stat. §§ 417.061, 417.066 Trademark Infringement – State**

56.   Bolin incorporates by reference the allegations set forth in paragraphs 1 through 34 as if fully set forth herein.

57.   Defendant's unauthorized use of the Infringing Marks is likely to cause confusion, mistake or deception as to the source, origin, sponsorship or approval of Defendant's services in that consumers and others are likely to believe Bolin authorizes or controls the sale and disposition of Defendant's services or that Defendant is associated with or related to Bolin.  Defendant's unauthorized use is also likely to cause injury to Bolin's business reputation and to dilute the distinctive quality of the Bolin's Mark.

58.   Defendant's use of the Infringing Mark infringes and dilutes the Bolin's Mark, entitling Bolin to injunctive relief pursuant to Mo. Rev. Stat. §§ 417.061 and 417.066, and common law.

59.   Defendant's wrongful use of the Infringing Mark is a deliberate, intentional and willful attempt to injure Bolin's business, to trade on Bolin's business reputation, and/or to confuse and deceive consumers.

60.   Defendant's acts are greatly and irreparably damaging Bolin and will continue to damage Bolin unless enjoined by this Court.  Defendant's acts are likely to cause injury to Bolin's business reputation and dilute the distinctive quality of the Bolin's Mark.

**PRAYER FOR RELIEF**

WHEREFORE**,** Bolin requests that judgment be entered in its favor and that:

A.   The Court award Bolin all damages and other monetary relief available as a result of Defendant's wrongful conduct, such damages and monetary relief including, but not limited to, actual damages, lost profits, Defendants' profits, treble damages and attorneys' fees, and all other monetary relief available under 15 U.S.C. § 1117 and 815 ILCS 510/3;

  B. Based on Defendant's repeated, willful and deliberate infringement of Bolin's Registered Mark, and to deter such conduct in the future, Bolin be awarded punitive damages;

  C. This Court enter injunctive relief ordering Defendant, and his successors, assigns, affiliates, employees, partners, and anyone acting in concert with them or at their behest or direction, to:

    (1) Cease all use of the Infringing Mark;

    (2) Refrain from doing any other act or thing likely to induce the belief that any Defendant's business, services or commercial activities are in any way legitimately connected with or sponsored, licensed, endorsed, or approved by Bolin;

    (3) Deliver up for destruction all goods, labels, signs, brochures, prints, promotional materials, advertisements, packaging, manuals, inscriptions, and any and all other material of an infringing or unfair or deceptive nature in Defendant, as well as all prints and other means of making the same; and

    (4) Compensate Bolin for corrective advertisement to repair damage to its business reputation and goodwill, and the loss of sales and profits it would have made but for the improper acts of Defendant.

  D. The Court award Bolin such other and further relief, including costs, as this Court deems just and equitable.

Dated: July 8, 2010

        Respectfully submitted,

        GALLOP, JOHNSON & NEUMAN, L.C.

By    /s/ Jeffrey H. Kass
     Jeffrey H. Kass, MO-ED #60672
     101 South Hanley, Suite 1700
     St. Louis, Missouri 63105
     Telephone (314) 615-6000
     Facsimile (314) 615-6001

*Attorneys for Plaintiff, Bolin Services, Incorporated*